UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                Criminal Case No. 07-20411
                                                  HON. GEORGE CARAM STEEH

vs.

TONY JAMEL LEE, D-1,

    Defendant.
_____/

ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE,
OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 (DOC. # 259)

Before the court is defendant Lee's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. In that motion Lee lists four claims, enumerated as paragraphs four through seven of his pleading. The government filed its response to Lee's motion on November 26, 2013, in advance of the December 2, 2013 deadline set by the court. Lee subsequently filed a brief in support of his motion (which he titled "Petitioner's Brief in Support of Application for Writ of Habeas Corpus") on January 29, 2014, in which he made additional claims. The court will briefly address Lee's claims.

First, Lee asserts that his counsel was ineffective because he could not or did not "view the transcript of certain statements made by the co-defendants..." which were "relied upon by the court in the government's sentencing memorandum."

Lee does not identify the "statements" to which he refers. However, as the government argues, it appears this same issue was presented in Lee's motion for reconsideration of the denial of his motion made under 18 U.S.C. § 3582(c)(2). As the

-1-

court noted in its denial of the motion for reconsideration, *numerous* sources of information were considered by the court in making a sentencing determination. Lee's mere implication that his counsel's review of transcripts would have changed the court's determination comes nowhere close to demonstrating that his "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed to the defendant by the Sixth Amendment [and that] ... the deficient performance prejudiced the defense," as would be necessary to succeed on an ineffective assistance claim. Strickland v. Washington, 466 U.S. 668, 687 (1984).

Lee also claims that counsel was ineffective for failing to move the court to modify or withdraw his plea, but he admits in his brief that his attorney Steven Scharg *did* move the court to withdraw the plea and was denied. There is no evidence that any of Lee's attorneys' performances were constitutionally deficient in this regard. And, as explained below, Lee's plea was knowing and voluntary, and Lee stated he was satisfied with counsel when the agreement was entered.

Lee next asserts that his plea was not knowing or voluntary, "in that said plea was impermissibily [stet] vague." In contrast, the government's response points out that the defendant himself made statements at the plea demonstrating that he was fully aware and informed concerning the plea agreement to which he was agreeing. He stated he was "definitely" satisfied with the help and advice provided by his counsel, and stated he realized he was facing a maximum punishment of up to life in prison. This claim is without merit.

Lee's third claim is that the court's assessment of an additional two points against him under the sentencing guidelines was improper. Lee attempted to make this

claim on direct appeal, but it was not considered there because the Sixth Circuit found Lee to have waived his right to appeal. Lee cannot now substitute this proceeding for direct review. In any event, as argued by the government, the Sixth Circuit has held that challenges to applications of sentencing guidelines are not claims cognizable on collateral review. See Grant v. United States, 72 F.3d 503, 506 (6th Cir. 1996). This claim is no exception to that rule.

Lee also asserts that his equal protection rights were violated "by not applying the Fair Sentencing Act to him, in that said act is racially discriminatory and biased upon race." No elaboration is given by Lee on what he means by this claim. As the government points out, the court has already determined that Lee's guidelines range was not affected by the Fair Sentencing Act–moreover, Lee was sentenced before the Fair Sentencing Act's enactment, which means it does not apply to him. See United States v. Hughes, 73 3 F.3d 642, 643-47 (6th Cir. 2013).

Finally, Lee asserts his Sixth Amendment right to a jury trial on the issue of quantity of crack cocaine sold was violated, but Lee knowingly and voluntarily waived his right to a jury trial on that issue.

For all of the above reasons, Lee's motion to vacate, set aside, or correct sentence is hereby **DENIED**.

**IT IS SO ORDERED**.

Dated: March 10, 2014

            s/George Caram Steeh
            GEORGE CARAM STEEH
            UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on March 10, 2014, by electronic and/or ordinary mail and also on Tony Jamel Lee #42176-039, FCI-Ashland, Federal Correctional Institution, P. O. Box 6001, Ashland, KY 41105.

s/Barbara Radke
Deputy Clerk